**In re JONES.**

**No. 15000.**

District Court, W. D. Missouri, W. D.

Feb. 10, 1938.

Silvers & Silvers, of Butler, Mo., for debtor.

Sebree, Sebree & Shook, of Kansas City, Mo., for creditor.

COLLET, District Judge.

This is a proceeding under section 75(a) et seq. of the Bankruptcy Act, as amended, 11 U.S.C.A. § 203(a) et seq. In 1932, John M. Jones executed his note for $5,500 payable to Alpha Redford and as security therefor executed a deed of trust upon the real estate herein involved. On October 25, 1934, the interest on the note was in arrears and an arrangement was made between Jones and Redford as follows: Jones executed a warranty deed to Redford and placed it in the Bank of Urich. Contemporaneously with the execution of the warranty deed a written contract was entered into by Jones and Redford to the effect that the deed should be held by the bank for a period of four months, and if at the end of that period, bankruptcy proceedings had not been instituted by Jones, the bank was to deliver the deed to Redford and cancel and return to Jones the deed of trust and note for $5,500. It also provided that thereafter Jones should remain on the real estate as tenant paying as annual rent therefor a definite fixed sum each year which was exactly equal to interest on the $5,500 at 6 per cent. Jones was also to pay the taxes and keep the buildings insured as part of the rent. The contract also provided that at any time within five years after the delivery of the warranty deed by the bank to Redford that Jones should have the right to "redeem" the real estate upon the payment to Redford of the sum of $5,500, and the rent for that part of the year in which the redemption should take place up to the date of the payment. Redford agreed that upon the payment of the $5,500 at any time within five years to make to Jones, or to anyone designated by Jones, a warranty deed to the premises. This warranty deed was to be executed in blank by Redford and placed with the Bank of Urich with directions to the bank that it be delivered to Jones on the payment of $5,500 to Redford. The deed was actually made and placed with the bank. No bankruptcy proceedings were filed within the four months. The deed was delivered to Redford and recorded. As above stated, the warranty deed in blank was executed by Redford and placed in the bank. However, the contract also provided that in the event default occurred in the payment of the rent, the warranty deed in blank was to be returned to Redford. It is admitted that such a default occurred and pursuant to the contract the bank returned the blank warranty deed to Redford and Jones continued in possession of the premises under the contract. All of these things occurred prior to the institution of this action. When the debtor filed his proposal with the Conciliation Commissioner, he made the proposal con-

tingent upon the revesting of the title to the property in him.

The real estate conveyed to Redford by warranty deed as aforesaid was listed as a part of debtor's estate. Redford now seeks to have the proceedings dismissed as to that real estate upon the ground that he is the actual and absolute owner of that property. The motion is resisted upon the theory that the conveyance to Redford by Jones in 1934, comtemporaneously with the execution of the written contract, was a mortgage in fact and not an absolute conveyance of the title to the property. In support of debtor's contention that the conveyance was a mortgage, Sheppard v. Wagner, 240 Mo. 409, 144 S.W. 394, 145 S.W. 420, Clerk v. Schwab, 328 Mo. 235, 40 S.W.2d 635, and Lipscomb v. Talbott, 243 Mo. 1, 147 S.W. 798, are cited.

██ Although a conveyance which purports to be an absolute conveyance may be shown to be in fact a mortgage, the evidence in this case does not support the conclusion that the deed was intended to be anything other than an absolute deed. The evidence does show that Jones was to have the right to "redeem" the land upon certain conditions hereto referred to. This privilege amounted to no more than an option to purchase the property on certain terms. There is nothing to indicate that Jones was to have any interest in the property during the period within which he might repurchase other than the interest of a mere tenant. To guarantee the delivery of a deed to Jones upon the payment of the predetermined purchase price, a deed was executed by Redford, and placed in escrow with the Bank of Urich with instructions to the bank to deliver the deed to Jones upon the payment of the agreed purchase price. But that arrangement did not indicate that the original deed was a mortgage. As a matter of fact the blank deed was, according to the escrow agreement, to be redelivered to Redford in the event Jones did not pay the rent. He did not pay the rent and the bank did return the blank deed to Redford before this proceeding was instituted.

Under all the evidence it is clear that Jones had no title to the property in question. The action should therefore be dismissed as to the real estate described in the warranty deed of October 25, 1934. It is so ordered.